IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-03148-WYD-BNB

CREATIVE COMPOUNDS, LLC,

Plaintiff,

v.

LOTT & FRIEDLAND, P. A.,

Defendant.

_____

# ORDER
_____

This matter arises on the **Motion of Creative Compounds, LLC and Non-Party Gary Haynes to Quash Subpoena to Testify at a Deposition In a Civil Action Served on Gary Haynes** [Doc. # 2, filed 11/19/2013] (the "Motion to Quash").  I held a hearing on the Motion to Quash this morning and made rulings on the record, which are incorporated here.

Plaintiff's counsel, Thomas J. DeGroot, engaged in snake-in-the-weeds conduct when he failed to disclose with reasonable promptness that he had agreed to represent Mr. Haynes in connection with an initial (but defective) subpoena served  within the discovery period on Mr. Haynes and when he failed to disclose with reasonable promptness that Mr. Haynes (apparently on Mr. DeGroot's advice) would "ignore" that subpoena.  Mr. DeGroot and plaintiff's local counsel, Kathryn A. Reilly, failed in their duty of candor toward the tribunal when they did not disclose in the Motion to Quash the existence of the initial subpoena and when they argued, disingenuously, that Mr. Haynes had not been provided with witness and mileage fees.  I disapprove of this conduct.

Nonetheless, the subpoena at issue here violates the discovery cut-off established by the United States District Court for the Southern District of Florida, where the action is pending. For that reason, and that reason alone, the Motion to Quash must be granted. I find that Mr. Haynes' anticipated deposition testimony is relevant to the claims and defenses at issue in the case, and I reject the argument that sitting for a deposition is unduly burdensome to Mr. Haynes.

Counsel for the witness has acknowledged in open court that they will accept service of process of a renewed subpoena on behalf of their client if the Florida court extends the discovery cut-off, and I expect them to be good to their word. If Mr. Haynes has destroyed or returned the witness and mileage fees previously served, the defendant must tender those fees to Mr. Haynes' counsel when it makes service of a new subpoena after the Florida court rules; otherwise, the fees previously tendered suffice.

IT IS ORDERED that the Motion to Quash [Doc. # 2] is GRANTED.

Dated December 9, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge